UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. PIETRANGELO, II ) | |
| ) | |
| *Plaintiff,* ) | Judge Dabney L. Friedrich |
| ) | |
| v. ) | Civil Action No. 1:18-cv-01943-DLF |
| ) | |
| REFRESH CLUB, INC. (dba THE WING), and ) | |
| THE WING DC, LLC (dba THE WING aka ) | |
| THE WING DC) ) | |
| ) | |
| *Defendants.* ) | |

**MOTION FOR STATUS OF DECISION**

Pursuant to Fed.R.Civ.P. 1 and the Court's inherent powers, and out of an abundance of caution in diligently prosecuting his claims, Plaintiff hereby moves the Court for a status on the Court's decision of Defendants' September 26, 2018 Motion to Dismiss and surrounding papers. While Plaintiff is very cognizant of the Court's full and busy schedule (including many cases which no doubt take precedence over Plaintiff's), Plaintiff also notes that more than a month ago, on April 3, 2019, the Court rendered a decision in Case No. 1:18-cv-01941—only two case numbers before the instant case—albeit in that case the plaintiff did not respond to the motion to dismiss, making a decision somewhat easier.  Moreover, there are many District Court cases numbered after the instant case in which decisions (including decisions on motions to dismiss) have already been rendered by other judges.

The matter is also critical because Plaintiff in the complaint has alleged, among other things, irreparable harm to himself and the public by Defendants' continuing violations of the D.C. Human Rights Act. See Compl. at ¶ 37 ("Defendants' said practices and violations are continuing in nature,

and continue to irreparably harm Plaintiff and the public, and there is no adequate remedy at law for these continuing irreparable harms."). He thus seeks both preliminary and permanent injunctive relief. See id. at Prayer for ¶ c. However, he cannot efficiently seek, or effectively be granted, preliminary injunctive relief until the motion to dismiss—which is based in part on lack of subject-matter jurisdiction—is decided on its merits—since likelihood of success on the merits of the case is a necessary factor for preliminary relief, see *Navajo Nation v. Azar*, 292 F.Supp.3d 508, 512 (D.D.C. 2018), and a look at the merits of the case, including by discovery, requires subject-matter jurisdiction.

Plaintiff and the public thus suffer irreparable harm each day that the motion to dismiss is not decided. And this irreparable harm is plainly evident from the fact that—as evidenced in Plaintiff's four motions for judicial notice and in his May 2019 Declaration which are fully incorporated herein—Defendants day after day brazenly engage in discrimination against men (including Plaintiff). Such un-remedied brazen discrimination undermines public trust in and respect for principles of equality, rule of law, and justice.

Although perhaps unnecessary, Plaintiff certifies that on or about May 15, 2019, via email, he conferred with opposing counsel concerning this Motion, and counsel stated that Defendants take no position on the motion.

For these reasons, Plaintiff asks the Court for a status update.

Respectfully submitted,

/s/ James E. Pietrangelo, II

_____

JAMES E. PIETRANGELO, II
Pro Se