**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| James E. Pietrangelo, II,<br><br>           Plaintiff,<br><br>     v.<br><br>Refresh Club, Inc. (dba The Wing) and<br>The Wing DC, LLC (dba The Wing aka The<br>Wing DC),<br><br>           Defendants. | 18 Civ. 1943 (DLF) |

## ANSWER OF REFRESH CLUB, INC. AND
## THE WING DC, LLC TO THE COMPLAINT

Defendants Refresh Club, Inc. and The Wing DC, LLC (together, "The Wing"), by and through their undersigned counsel, submit this Answer to the Complaint dated August 20, 2018 (Dkt. No. 1) (the "Complaint"). Except as otherwise expressly set forth below, The Wing denies each and every allegation contained in the Complaint, including, without limitation, the headings and subheadings contained therein, and further including, without limitation, any and all liability to Plaintiff James E. Pietrangelo, II (the "Plaintiff") or that Plaintiff is entitled to any declaratory judgment or injunctive relief in his favor.

No answer is required to the introductory material included in the unnumbered paragraph on page 1 of the Complaint, as it only contains the names of the statute under which Plaintiff purports to bring his claims. To the extent a response is required, The Wing admits that Plaintiff purports to bring his claims against The Wing under the D.C. Human Rights Act of 1977.

As for The Wing's Answer to the specifically enumerated paragraphs of the Complaint, The Wing states upon personal knowledge for actions and events taking place in its presence, and upon information and belief as to all other actions as follows:

## INTRODUCTION

1.      Admits that Plaintiff purports to bring an action against The Wing for sex and/or gender-identity discrimination and otherwise denies the allegations in Paragraph 1.

## JURISDICTION & VENUE

2.      The allegations in Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies that Plaintiff has suffered any damages, lacks sufficient knowledge to form a belief as to whether Plaintiff is a citizen of Ohio, and otherwise admits that it is incorporated in Delaware with locations in New York and Washington, D.C.

3.      The allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing admits that it is registered to conduct business in Washington, D.C., does business in Washington, D.C., and has a business address in Washington, D.C.

4.      The allegations in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing admits that some of the alleged events set forth in the Complaint occurred in Washington, D.C.

## PARTIES

5.      The Wing lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 6, except admits that The Wing is incorporated in Delaware, The Wing DC LLC is a limited liability company, Refresh Club, Inc. is a for-profit corporation, The Wing has locations in New York and Washington, D.C., and The Wing DC is located at 1056 Thomas Jefferson St., N.W., Washington, D.C. 20007.

## GENERAL ALLEGATIONS

The Wing

7.      Denies the allegations in the first sentence of Paragraph 7.  The allegations in the second sentence of Paragraph 7 constitute legal conclusions to which no response is required.  To the extent a response is required, denies the allegations of the second sentence of Paragraph 7.

8.      Admits that at the time the Complaint was filed, The Wing had four locations with plans to open other locations, including in San Francisco, and otherwise denies the allegations in Paragraph 8.

9.      Denies the allegations in Paragraph 9.

10.     Denies the allegations in Paragraph 10.

The Wing Is a Place of Public Accommodation(s)

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 11.

a.      Admits that The Wing is a for-profit business incorporated in Delaware with its principal place of business in New York, New York.

b.      Admits the allegations in subparagraph 11(b).

c.      Denies the allegations in subparagraph 11(c), except admits that The Wing raised Series B funding from NEA and WeWork.

d.      The allegations in subparagraph 11(d) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations of subparagraph 11(d), except admits that it has a Board, a CEO, a COO, and a CFO, among a variety of other titled positions.

e.      Denies the allegations in subparagraph 11(e), except admits that at the time the Complaint was filed, The Wing had four locations with plans to open other locations.

f.      Admits that The Wing may have other locations in Washington, D.C. in the future and otherwise refers to the alleged public statement referenced in subparagraph 11(f) for its full and accurate contents.

g.      Admits that The Wing is expanding both domestically and internationally and otherwise refers to the alleged public statements referenced in subparagraph 11(g) for their full and accurate contents.

h.      The allegations in subparagraph 11(h) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in subparagraph 11(h), except admits that The Wing has amenities and has held events involving Senator Kirsten Gillibrand and former Senator and Secretary of State Hillary Clinton.

i.      Admits the allegations in subparagraph 11(i) as to The Wing DC.

j.      The allegations in subparagraph 11(j) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing admits that its spaces are generally open seven days a week from 8 a.m. until 9 p.m. on weekdays and from 10 a.m. until 6 p.m. on weekends.

k.      The allegations in subparagraph 11(k) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in subparagraph 11(k), except admits that, as of the date the Complaint was filed, its membership fees were $215 per month for access to The Wing DC and $250 per month for access to all locations of The Wing, and otherwise refers to The Wing's website for its full and accurate contents.

l.      Denies the allegations in subparagraph 11(l) and otherwise refers to The Wing's website for its full and accurate contents.

m.      Admits the allegations in subparagraph 11(m) as of the date the Complaint was filed, and otherwise refers to The Wing's website for its full and accurate contents.

n.      Denies the allegations in subparagraph 11(n) and otherwise refers to the referenced interview for its full and accurate contents.

o.      Denies the allegations in subparagraph 11(o) and otherwise refers to the purported statement for its full and accurate contents.

p.      Admits the allegations in subparagraph 11(p).

q.      Admits the allegations in subparagraph 11(q).

r.      Admits the allegations in subparagraph 11(r), except denies that services are offered at the beauty room.

s.      Admits the allegations in subparagraph 11(s).

t.      Denies the allegations in subparagraph 11(t) and otherwise refers to the purported declarations for their full and accurate contents.

u.      Admits the allegations in subparagraph 11(u).

v.      Admits the allegations in subparagraph 11(v).

w.      Admits that the event was held at The Wing DC.

x.      Admits the allegations in subparagraph 11(x).

y.      Admits the allegations in subparagraph 11(y).

z.      Admits the allegations in subparagraph 11(z).

aa.     The allegations in subparagraph 11(aa) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing admits that it has social media accounts.

bb.     Denies the allegations in subparagraph 11(bb), except admits that The Wing maintains a Twitter account and publishes posts on that account.

cc.     Denies the allegations in subparagraph 11(cc), except admits that Chanel, Nike, Red Bull and American Express have entered into agreements with The Wing.

dd.     Denies the allegations in subparagraph 11(dd), except admits that The Wing has entered into agreements with companies to provide its members with certain benefits.

ee.     Admits the allegations in subparagraph 11(ee).

ff.     Admits the allegations in subparagraph 11(ff).

gg.     Denies the allegations in subparagraph 11(gg), except admits that The Wing publicized the opening of The Wing DC and that Mayor Muriel Bowser attended the opening.

hh.     Admits the allegations in subparagraph 11(hh) as of the date the Complaint was filed.

ii.     Denies the allegations in subparagraph 11(ii), except admits that members of The Wing have the option to purchase a membership for a single location or a membership granting them access to all locations of The Wing.

jj.     Denies the allegations in subparagraph 11(jj).

kk.     Admits the allegations in subparagraph 11(kk).

ll.     Denies the allegations of subparagraph 11(ll), except admits that as of June 4, 2018, The Wing's membership application asked for the information set forth in subparagraph 11(ll) and otherwise refers to The Wing's membership application for its full and accurate contents.

mm.     Denies the allegations in subparagraph 11(mm).

nn.     Denies the allegations in subparagraph 11(nn) and otherwise refers to the articles and/or interviews in which the quoted statements were purportedly made for their full and accurate contents.

oo.     Denies the allegations in subparagraph 11(oo), except admits that The Wing allows guests regardless of their perceived gender or gender identity.

pp.     Denies the allegations in subparagraph 11(pp), except admits that The Wing allows guests to access The Wing's locations and use The Wing's services regardless of their perceived gender or gender identity.

qq.     Denies the allegations in subparagraph 11(qq), except admits that The Wing has a scholarship program that is open to those who cannot afford The Wing's membership regardless of the applicant's perceived gender or gender identity.

rr.     Admits the allegations in subparagraph 11(rr).

ss.     Denies the allegations in subparagraph 11(ss), except admits that The Wing has held events that are open to the public regardless of their perceived gender or gender identity.

tt.     Denies the allegations in subparagraph 11(tt), except admits that guests access The Wing's locations and use The Wing's services regardless of their perceived gender or gender identity.

uu.     Admits the allegations in subparagraph 11(uu).

vv.     Denies the allegations in subparagraph 11(vv).

ww.     Denies the allegations in subparagraph 11(ww).

xx.     Denies the allegations in subparagraph 11(xx), except admits that the entire existing membership does not make membership decisions.

yy.     Denies the allegations in subparagraph 11(yy).

zz.     Denies the allegations in subparagraph 11(zz).

aaa.     Denies the allegations in subparagraph 11(aaa).

bbb.     Denies the allegations in subparagraph 11(bbb), except admits that non-members have used The Wing's space and purchased meals or beverages from The Wing.

ccc.     Denies the allegations in subparagraph 11(ccc).

ddd.     The allegations in subparagraph 11(ddd) constitute legal conclusions to which no response is required.   To the extent a response is required, The Wing denies the allegations in subparagraph 11(ddd), except admits that it holds a food license from Washington, D.C.

eee.     Denies the allegations in subparagraph 11(eee), except admits that The Wing has a registered trademark.

fff.     Admits the allegations in subparagraph 11(fff).

ggg.     Denies the allegations in subparagraph 11(ggg), except admits that The Wing sends emails to individuals who are on a waitlist for membership to The Wing.

hhh.     The allegations in subparagraph 11(hhh) constitute legal conclusions to which no response is required.   To the extent a response is required, The Wing denies the allegations in subparagraph 11(hhh).

The Wing Illegally Discriminates, including Based on Sex and/or Gender-Identity

11.      The allegations in Paragraph 11[1] constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 11.

a.      Denies the allegations in subparagraph 11(a).

b.      Denies the allegations in subparagraph 11(b) and otherwise refers to any public statements that The Wing has made for their full and accurate contents.

c.      Denies the allegations in subparagraph 11(c).

d.      Denies the allegations in subparagraph 11(d) and otherwise refers to any public statements that The Wing has made for their full and accurate contents.

e.      Denies the allegations in subparagraph 11(e).

f.      Denies the allegations in subparagraph 11(f) and otherwise refers to any public statements that The Wing has made for their full and accurate contents.

g.      Admits the allegations in subparagraph 11(g).

h.      Denies the allegations in subparagraph 11(h), except admits that members are invited to "No Man's Camp."

i.      Admits the allegations in subparagraph 11(i) as of the date the Complaint was filed.

j.      Denies the allegations in subparagraph 11(j) and otherwise refers to any public statements that The Wing has made for their full and accurate contents.

k.      Denies the allegations in subparagraph 11(k), except admits that The Wing DC has a library featuring women authors and features artwork by women artists.

_____

[1] The Complaint contains two different paragraphs enumerated as Paragraph 11.

l.      The allegations in subparagraph 11(l) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in subparagraph 11(l).

12.      The allegations in Paragraph 12 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 12.

a.      Denies the allegations in subparagraph 12(a) and otherwise refers to the purported interview for its full and accurate contents.

b.      Denies the allegations in subparagraph 12(b).

13.      The allegations in Paragraph 13 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 13.

<u>The Wing's Illegal Discrimination Against Men Was/Is Egregious</u>

14.      The allegations in Paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 14.

a.      Denies the allegations in subparagraph 14(a).

i.      Denies the allegations in subparagraph 14(a)(i) and otherwise refers to the articles for their full and accurate contents.

ii.      Admits the allegations in subparagraph 14(a)(ii) as of the date the Complaint was filed.

b.      Denies the allegations in subparagraph 14(b).

i.      Denies the allegations in subparagraph 14(b)(i) and otherwise refers to the article and/or interview in which the quotation appears for its full and accurate contents.

       ii.       Denies the allegations in subparagraph 14(b)(ii) and otherwise refers to the purported statement for its full and accurate contents.

       iii.       Denies the allegations in subparagraph 14(b)(iii) except refers to the quoted message for its full and accurate contents.

       c.       Denies the allegations in subparagraph 14(c) and otherwise refers to The Wing's website for its full and accurate contents.

       d.       The allegations in subparagraph 14(d) constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in subparagraph 14(d).

       e.     Denies the allegations in subparagraph 14(e).

<u>Plaintiff's Application for Membership in The Wing</u>

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18.     Denies the allegations in Paragraph 18, except admits that Plaintiff submitted a membership application to The Wing on or around June 4, 2018.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 19.  Denies the allegations in the second sentence of Paragraph 19.

20.     Admits the allegations in Paragraph 20.

21.     Denies allegations in Paragraph 21, except admits that Bee Pollard was employed as a Community Associate by The Wing at the time the Complaint was filed.

22.     The allegations in Paragraph 22 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 22, except admits that Bee Pollard was employed as a Community Associate by The Wing at the time the Complaint was filed.

23.     Admits the allegations in the first and second sentences of Paragraph 23.  Denies the allegations in the third and fourth sentences of Paragraph 23.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25.     Denies the allegations in Paragraph 25, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's feelings.

26.     Denies the allegations in Paragraph 26, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's work locations and their impact on Plaintiff's work.

27.     Denies the allegations in Paragraph 27, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's feelings.

28.     Denies the allegations in Paragraph 28.

29.     Denies the allegations in Paragraph 29.

30.     Denies the allegations in Paragraph 30.

31.     Denies the allegations in Paragraph 31.

**Count I:**
**Denial of Equal Opportunity on the Basis of Sex and/or Gender-Identity.**
**In Violation of D.C. Code §§ 2-1402.01, 2-1402.62, 2-1402.68**

32.      Repeats and re-alleges its answers to Paragraphs 1 through 31 as if fully set forth herein.

33.      Admits that Title 2, Chapter 14 of the D.C. Code contains the quoted language and otherwise refers to the statute for its full and accurate contents.

34.      The allegations in Paragraph 34 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 34.

35.      The allegations in Paragraph 35 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 35.

36.      Denies the allegations in Paragraph 36.

37.      Denies the allegations in Paragraph 37.

38.      The allegations in Paragraph 38 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 38.

39.      The allegations in Paragraph 39 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 39.

40.      The allegations in Paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 40.

**Count II:**
**Denial of Public Accommodation on the Basis of Sex and/or Gender-Identity.**
**In Violation of D.C. Code § 2-1402.31(a)(1) & (b), 2-1402.62, 2-1402.68**

41.      Repeats and re-alleges its answers to Paragraphs 1 through 40 as if fully set forth herein.

42.     Admits that Title 2, Chapter 14 of the D.C. Code contains the quoted language and otherwise refers to the statute for its full and accurate contents.

43.     Denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 49.

**Count III:**
**Statements of Denial of Public Accommodation on the Basis of Sex and/or Gender-Identity.**
**In Violation of D.C. Code § 2-1402.31(a)(2) & (b), 2-1402.62, 2-1402.68**

50.     Repeats and re-alleges its answers to Paragraphs 1 through 49 as if fully set forth herein.

51.     Admits that Title 2, Chapter 14 of the D.C. Code contains the quoted language and otherwise refers to the statute for its full and accurate contents.

52.     Denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 53.

54.     Denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 constitute legal conclusions to which no response is required.  To the extent a response is required, The Wing denies the allegations in Paragraph 58.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

No response is required to Plaintiff's Prayer for Relief.  To the extent a response is required, The Wing denies each and every sub-paragraph set forth in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any wrongful conduct on its part and without assuming the burden of proof or persuasion where such burden properly rests with Plaintiff, and without waiving and hereby expressly reserving the right to amend its answer to assert additional defenses, and to supplement, alter, or change this Answer, and the defenses asserted herein, upon ascertaining additional facts and/or upon further legal analysis of the parties' positions in this litigation, The Wing hereby asserts the following defenses to the claims asserted in the Complaint:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

This Court does not have subject-matter jurisdiction over the claims at issue because there is not complete diversity of parties.

## THIRD DEFENSE

This Court does not have subject-matter jurisdiction over the claims at issue because to the extent Plaintiff has any damages resulting from his claims (which he does not), they do not meet the amount-in-controversy threshold of $75,000.

## FOURTH DEFENSE

The D.C. Commission on Human Rights has primary jurisdiction over Plaintiff's claims.

## FIFTH DEFENSE

Plaintiff was not granted membership to The Wing because his application did not evidence any commitment to The Wing's mission and values.

## SIXTH DEFENSE

Each and every business practice or decision by The Wing challenged by Plaintiff has and had a legitimate, non-discriminatory justification.

## SEVENTH DEFENSE

The Wing has no liability for the wrongs alleged in the Complaint by reason of its compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## EIGHTH DEFENSE

To the extent any discriminatory or harassing act was taken by any employee of The Wing against Plaintiff (which it was not), the act was outside the course and scope of that employee's employment, contrary to The Wing's anti-discrimination and anti-harassment policies, and was

not ratified, confirmed, or approved by The Wing.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff has not suffered any legally cognizable damages.

## TWELFTH DEFENSE

Plaintiff's claims, in whole or in part, are moot because there is no justiciable case or controversy.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief because such relief is moot and/or because Plaintiff has an adequate remedy at law.

## FOURTEENTH DEFENSE

Plaintiff could have but failed to mitigate or minimize any damages allegedly suffered, and therefore, such claims are barred and/or should be reduced to the extent Plaintiff failed to so mitigate.

## FIFTEENTH DEFENSE

Plaintiff's claims are frivolous, unreasonable, and groundless, and accordingly, The Wing should recover all attorneys' fees, costs, and expenses incurred in defending this action.

Dated:  June 18, 2018
        New York, New York

                                    Respectfully submitted,


                        By:     /s/ *Christopher D. Belelieu*_____
                                Karen L. Dunn (kdunn@bsfllp.com)
                                D.D.C. Bar. No. 1002520
                                Jessica Phillips (jphillips@bsfllp.com)
                                *Admitted pro hac vice*
                                BOIES SCHILLER FLEXNER LLP
                                1401 New York Ave NW
                                Washington, D.C. 20005
                                Phone: (202) 237-2727

                                Christopher D. Belelieu (cbelelieu@bsfllp.com)
                                *Admitted pro hac vice*
                                BOIES SCHILLER FLEXNER LLP
                                55 Hudson Yards
                                New York, New York 10001
                                Phone: (212) 446-2300

                                *Attorneys for Defendants Refresh Club, Inc. (dba
                                The Wing) and The Wing DC, LLC (dba The Wing
                                aka The Wing DC)*