## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| JAMES E. PIETRANGELO, II | ) | |
| | ) | |
| *Plaintiff,* | ) | Judge Dabney L. Friedrich |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-01943-DLF |
| | ) | |
| REFRESH CLUB, INC. (dba THE WING), and | ) | |
| THE WING DC, LLC (dba THE WING aka | ) | |
| THE WING DC) | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## THE PARTIES' JOINT REPORT PURSUANT TO
## LOC.R. 16.3(d)/FED.R.CIV.P. 26(f)(3)

Pursuant to Loc.R. 16.3(d), Fed.R.Civ.P. 26(f)(3), and the Court's June 19, 2019 Order, the parties, Plaintiff James E. Pietrangelo, II ("Plaintiff"), and Defendants Refresh Club, Inc. and The Wing DC, LLC (collectively, "Defendants"), having conferred through counsel on June 26, 2019, and afterwards, hereby jointly submit the following report.  In addition, a proposed scheduling order is attached.

**I.     Loc.R. 16.3(c) Matters (1-16)/Fed.R.Civ.P. 26(f)(3) Matters (A-F)**

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Defendants anticipate requesting that the Court dismiss the action for lack of subject matter jurisdiction due to a lack of complete diversity among the parties.**

**Each party anticipates filing a motion for summary judgment following the close of discovery, if not earlier.  Plaintiff anticipates that his motion may be limited to liability only.**

1

**No dispositive motion is pending.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Plaintiff requests 30 days from the date of filing of the Court's Scheduling Order in which to possibly amend the complaint with 1 additional cause of action, should he decide to pursue such a cause of action.  Defendants will oppose any such request.**

**Neither party intends on joining additional parties.**

**The parties anticipate that some factual and/or legal issues may be able to be agreed upon or narrowed as discovery unfolds.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Both parties oppose assignment of the case to a magistrate judge for any purpose.**

(4) Whether there is a realistic possibility of settling the case.

**The parties have held settlement discussions, which Plaintiff believed revealed that the parties are too far apart for the possibility of settlement to be realistic.**

**Defendants remain hopeful that the parties can reach a settlement and believe that the parties should be able to reach an amicable resolution.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**Plaintiff categorically opposes ADR.  Defendants favor it and believe it could expedite a resolution of the parties' dispute.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**See (1) above, and proposed discovery plan below.**

(7)/Covers (A) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties agree that the initial disclosures should not be dispensed with.  The only change to the disclosures that the parties request is in their timing.  (See proposed discovery plan below.)**

(8)/(Covers B) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties disagree as to the extent/scope of discovery.**

**Plaintiff believes that Defendants' answer's extensive denials of Plaintiff's complaint allegations put into issue virtually every aspect of Defendants' corporate existence and operations from inception to present—including but not limited to the following subjects (in no particular order): anything referenced or implicated by the complaint, answer, or motion to dismiss and opposition papers; Defendants' corporate existence and structure; Defendants' investors and capital; Defendants' finances; Defendants' bylaws; Defendants' customers/sales records, including but not limited to receipts; Defendants' physical locations and spaces; Defendants' board of directors; Defendants' employees and employment policies, procedures, and practices; Defendants' vendors/contractors and vending/contracting policies, procedures, and practice; Defendants' membership and membership policies, procedures, and practice; Defendants' relationships with governmental authorities, including but not limited to licensing; the New York City Commission on Human Rights' investigation of Defendants; Defendants' public relations including advertising, publicity, and social media; Defendants' scholarship program; Defendants' amenities, accommodations, services, programs, and events, including but not limited to access thereto by members and non-members; Plaintiff, his application, and Defendants' response thereto and to this lawsuit; Defendants' social media accounts and website; Defendants' podcast, magazine, mobile app., and camping retreat; Defendants' child-care program; Defendants' intellectual property, including but not limited to trademarks; Defendants' historical research; Defendants' business partnerships; Defendants' merchandise; and Defendants' business plans. Plaintiff does not believe that discovery should be limited to Defendants' D.C. location or space or its policies and practices there simply by virtue of his claims being brought under a D.C. statute, because, among other things, the public nature of Defendants and/or their accommodations is at issue, Defendants in D.C. offer an all-access membership that allows a person to use any of its locations/spaces, and Defendants' overall policies and practices are relevant to its policies and practices in D.C.**

In contrast, Defendants believe that the subject matter of discovery should be limited to their membership policies and practices.  Further, given that Plaintiff's claims are brought pursuant to a D.C. statute, Defendants believe that discovery should be limited to issues pertaining to their membership policies and practices in Washington, D.C.  Defendants also believe that discovery should be limited to a reasonable time frame and should not cover the entirety of The Wing's existence.

While recognizing that the length of the discovery period is also a function of the extent of discovery, the parties agree that the discovery period should be at least 9 months.

Plaintiff does not anticipate any need for a protective order for himself.  Defendants believe a protective order is appropriate and warranted in this case and are prepared to confer in good faith to agree on the terms of such an order.  At a minimum, the parties agree that a protective order may be needed as to some of Defendants' members' personal information, but the parties are in dispute and/or are uncertain at this time as to what exact information needs to be protected.  The parties anticipate addressing each matter potentially requiring protection as it arises.

The parties do not request phased discovery although Defendants have discussed with Plaintiff providing limited discovery in order to potentially explore a potential resolution of the case.

For discovery dates, see proposed discovery plan below.

(9)/Covers (C) & (E) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

Plaintiff raised the issue of the possible spoliation of content on Defendants' social media accounts and website.  Defendants responded that they had a "litigation hold" in place since in or around the time the instant lawsuit was filed.

Defendants raised the issue of the limit on the number of interrogatories each party may propound.  Defendants favor the normal limit—25 (including parts and subparts).  Plaintiff favors at least four times that number—100—due to Defendants' answer's extensive denials of his complaint allegations and the considerable subject matter of discovery as he anticipates it.

The parties at this time do not request changes to the normal Rules provisions for requests for production, requests for admission, and depositions (with depositions limited to a maximum of one (1) day of seven (7) hours of testimony).  The parties agree to make reasonable efforts on dates for depositions convenient to the deponent, counsel and the parties.

Otherwise, the parties agree to try to keep discovery as least burdensome to each other as possible.

(10)/Covers (D) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**Neither party anticipates any privilege issue. The inadvertent production or disclosure of privileged or protected documents shall not constitute a waiver of that privilege or protection.**

(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**Neither party anticipates calling any expert witness, but have included additional time in their proposed discovery plan to accommodate any potential expert witnesses.**

(12) In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Not applicable as this case is not a class action and the parties do not anticipate the addition of class allegations.**

(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**The parties agree that neither the trial nor discovery should be bifurcated, including as to Plaintiff's claim of punitive damages. However, Plaintiff requests bifurcation to any extent required by law for his punitive-damages claim.**

(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**The parties request that the pretrial conference be scheduled for within 60 days after the Court's decision on any dispositive motion(s), and, if no dispositive motion is filed, within 60 days after the discovery deadline.**

(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**The parties request that the trial date be set at the pretrial conference.**

(16)/Covers (F) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Plaintiff anticipates possibly filing a motion for preliminary injunction in the near future, depending upon the receipt of certain discovery from Defendants.  Defendants will oppose any such motion for a preliminary injunction and will seek what they believe would be appropriate relief from the Court, including their attorneys' fees and costs, should Plaintiff file a motion for a preliminary injunction given that Plaintiff's application to The Wing was filed over a year ago.**

## II.    Proposed Discovery Plan

| EVENT | DATE OCCURRING ON/BY |
|---|---|
| Initial Disclosures | Within 21 days from date of filing of this report |
| Fact Discovery Begins | Date of filing of the Court's Scheduling Order |
| Fact Discovery Ends | Date at least 9 months from date of filing of the Court's Scheduling Order |
| Expert Discovery Begins (if necessary) | Date fact discovery ends |
| Expert Discovery Ends (if necessary) | 60 days after date on which fact discovery ends |
| Dispositive Motions (summary judgment) | Within 30 days from date on which all discovery ends |
| Oppositions Thereto | Within 30 days from date on which any motion for summary judgment is filed |
| Replies Thereto | Within 20 days from date on which any opposition is filed |
| Pretrial Conference | Within 60 days of Court order on any motion(s) for summary judgment |

Trial                                        Within 60 days of pretrial conference.


Respectfully submitted,

By: /s/ *Christopher D. Belelieu*              /s/ James E. Pietrangelo, II
Karen L. Dunn (kdunn@bsfllp.com)               JAMES E. PIETRANGELO, II
D.D.C. Bar. No. 1002520                        Pro Se
Jessica Phillips (jphillips@bsfllp.com)
*Admitted pro hac vice*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave NW Washington, D.C. 20005
Phone: (202) 237-2727

Christopher D. Belelieu (cbelelieu@bsfllp.com)
*Admitted pro hac vice*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
Phone: (212) 446-2300
*Attorneys for Defendants Refresh Club, Inc. (dba The Wing)*
*and The Wing DC, LLC (dba The Wing aka The Wing DC)*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JAMES E. PIETRANGELO, II                )
                                        )
                    *Plaintiff*,        )          Judge Dabney L. Friedrich
                                        )
        v.                              )          Civil Action No. 1:18-cv-01943-DLF
                                        )
REFRESH CLUB, INC. (dba THE WING), and  )
THE WING DC, LLC (dba THE WING aka      )
THE WING DC)                            )
                                        )
                    *Defendants*.       )
_____)

## [PROPOSED] SCHEDULING ORDER

This Court, having considered the parties' Joint Report, and having conducted a hearing

on _____, enters this Scheduling Order pursuant to Fed.R.Civ.P. 16 and Loc.R. 16.4.

| EVENT | DATE OCCURRING ON/BY |
|---|---|
| Initial Disclosures | Within 21 days from date of filing of parties' Joint Report |
| Fact Discovery Begins | Date of filing of this Scheduling Order |
| Fact Discovery Ends | Date at least 9 months from date of filing of this Scheduling Order |
| Expert Discovery Begins (if necessary) | Date fact discovery ends |
| Expert Discovery Ends (if necessary) | 60 days after date on which fact discovery ends |
| Dispositive Motions (summary judgment) | Within 30 days from date on which all discovery ends |
| Oppositions Thereto | Within 30 days from date on which any motion for summary judgment is filed |

| | |
|---|---|
| Replies Thereto | Within 20 days from date on which any opposition is filed |
| Pretrial Conference | Within 60 days of Court order on any motion(s) for summary judgment |
| Trial | Within 60 days of pretrial conference. |

   **SO ORDERED.**


DATED:_____     _____
                                  UNITED STATES DISTRICT JUDGE