UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. PIETRANGELO, II | ) Judge Dabney L. Friedrich |
| *Plaintiff,* | ) (Magistrate Judge Zia M. Faruqui) |
| | )     (for discovery only) |
| v. | ) |
| | ) Civil Action No. 1:18-cv-01943-DLF-ZMF |
| REFRESH CLUB, INC. (dba THE WING), and | ) |
| THE WING DC, LLC (dba THE WING aka | ) |
| THE WING DC) | ) |
| *Defendants.* | ) |

**MOTION FOR SANCTIONS AGAINST DEFENDANTS
REFRESH CLUB, INC. dba THE WING AND THE WING DC, LLC**

Pursuant to Fed.R.Civ.P. 11, 26, and 37, and/or the Court's inherent powers, Plaintiff James E. Pietrangelo, II ("Plaintiff") regretfully hereby moves the Court for an order of sanctions against Defendants Refresh Club, Inc. dba The Wing and The Wing DC, LLC (collectively "Defendant" or "The Wing") for making a material statement in its April 29, 2021 Response (ECF 66) to Plaintiff's Objections (ECF 65) that was knowingly false/frivolous and prejudiced Plaintiff, including causing him unnecessarily to incur an out-of-pocket total expense of at least $271.00, plus loss of three or more hours of his time refuting the falsehood/frivolous statement and drafting and prosecuting this Motion. Plaintiff asks that the Court issue the following sanctions against Defendants: 1) a requirement that they immediately pay Plaintiff $271.00; 2) a requirement that they immediately pay the Court a fine equivalent to the cost of Plaintiff's time[1] refuting the falsehood/frivolous statement and drafting and prosecuting this Motion, and the Court's time in responding to this Motion; and 3) any other relief the Court deems just.

---

[1] As Plaintiff understands it, a pro se may not be compensated for their time as a sanction against an opponent. Otherwise, Plaintiff would have sought compensation for his own time here.

1

**Certification**

On May 1 and 4, 2021, Plaintiff contacted one of Defendants' counsel in this case, Tiffany Tse, via email, in an effort to have Defendants retract the complained-of falsehood/frivolous statement before Plaintiff was put to the trouble of refuting it on the record and subsequently seeking sanctions. See Ex. 1 (Pietrangelo Decl.) hereto at ¶ 4; Ex. 2 (email chain between Pietrangelo and Tse) hereto. Plaintiff was unsuccessful in his effort, as Ms. Tse referred him to the Court and did not otherwise respond to him.

Respectfully submitted,
/s/ James E. Pietrangelo, II

_____
JAMES E. PIETRANGELO, II, Pro Se
120 North-South Rd. Unit C, PMB # 167
North Conway, NH 03860
(802) 338-0501

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

For the reasons herein, Plaintiff asks the Court to order the above-requested relief against Defendants.

It is unclear exactly under which authority sanctions fall for knowingly making a material falsehood/frivolous statement in a response to Fed.R.Civ.P 72(a) objections. Rule 11(c) generally applies to falsehoods/frivolous statements in filed papers, but expressly "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed.R.Civ.P. 11(d). Rule 26(g)(3) generally applies to discovery, but only expressly applies to a "disclosure, request, response, or objection" under a discovery method. Fed.R.Civ.P. 26(g)(1). Rule 37(a)(5) and (d)(1)(A) directly apply to motions to compel and for sanctions with regard to failure to answer in or appear for a deposition, but not to objections—and responses thereto—resulting from a court's decision on such a motion to compel. See Fed.R.Civ.P. 37(a)(5) & (d)(1)(A). In any case, at least one of these three Rules or the Court's inherent powers provides for sanctions under the following circumstances.

As explained in his Reply (ECF 69), Plaintiff clarified in his Objections (ECF 65) that "the Court did at one point authorize or allow [his] enlarged brief," i.e., his 69-page motion to compel (ECF 28), which he renewed by notice (ECF 44). ECF 65 at 2 fn. 1. Defendants, in their April 29, 2021 Response (ECF 66) to Plaintiff's Objections, nonetheless knowingly repeated the Magistrate Judge's mistaken but nonetheless false assertion in his Memorandum Opinion that Plaintiff's motion to compel was "in utter disregard of the page limits in this Court's Local Rules," ECF 64 at 7 fn. 2. See ECF 66 at 4 ("[Pietrangelo's] 69-page Motion to Compel [] not only exceeds the Court's page limit rule . . ."). Defendants acted knowingly because their own prior counsel, Christopher Belelieu, well knew before he was replaced in this case—and thus Defendants and their current counsel constructively knew at the time they filed their instant Response—that Plaintiff's enlarged motion had actually been authorized by the Court.

Defendants' counsel Belelieu was present during the May 20, 2020 telephonic status hearing during which Magistrate Judge Deborah A. Robinson authorized Plaintiff's motion to compel:

MR. PIETRANGELO: Your Honor, this is the plaintiff, James Pietrangelo.  *** I have a quick question for Your Honor.  My previously filed motion to compel is all I would file on June 3rd if that was the date [you decided for the parties to file their motions to compel] and I was wondering -- it's very -- that motion has I think over a hundred attachments *** which is very difficult. It takes a very long time to sort of put those in [electronically]. <u>And I'm wondering would it be acceptable to Your Honor if I just ask the Court to consider that motion anew without refiling it</u>?
THE COURT: <u>If that is all, then yes</u>. I do not know whether there is any update however.
MR. PIETRANGELO: Your Honor, I will stand on that motion. That is current as far as I'm concerned.
THE COURT: Very well. And what about you, Mr. Belelieu?
MR. BELELIEU: Your Honor, the deadline you set is fine for us. So the two weeks to file a motion is perfect.
THE COURT: *** So the deadline for motions -- in other words, <u>I want you to express the full extent of what you believe has been improperly withheld by the opposing party or parties and what you believe should be the consequence for it</u>, which could include an award of sanctions, certainly would include an order compelling discovery. But whatever it is, I want you to brief it. In other words, I am inviting a motion. So the deadline for the filing of motions is June 3rd.
MR. PIETRANGELO: <u>Your Honor, could I just file briefly stating that I am renewing my motion</u> ***
THE COURT: I will suggest that you do that because it is possible that between now and June 3rd, you will change your mind. So and you have every right to do that. <u>But by June 3rd, you know, on or before June 3rd, the Court will expect to see either a notice that your motion is motion that you transmitted in another format on an earlier date</u> or that here is a supplement to those materials or here is an entirely new motion.
MR. PIETRANGELO: Thank you, Your Honor.
THE COURT: All right. ***

See ECF 69 at Ex. 1 (5/20/20 Status Hrg. Tr.) at 34:16 to 37:5.  The Magistrate Judge's authorization was also referenced in Plaintiff's notice renewing his motion to compel. See ECF 44.  The authorization was also implicit in the fact that Defendants did not move at the time to strike Pietrangelo's motion to compel from the docket, nor did the Magistrate Judge sua sponte strike it, nor the Court itself before that.

Thus, there was no basis for Defendants to state in their Response that Plaintiff's motion to compel was in excess of the Court's page-limits or page-limits rule.  LCvR 7(e) clearly states: "A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, *without prior approval* of the Court."

Plaintiff had obtained prior approval of the Court through Magistrate Judge Robinson before he renewed his December 9, 2019 motion to compel, on which he had originally sought approval as well, see ECF 30.

And Defendants' falsehood/frivolous statement was material because Defendants relied on it to argue—in response to Plaintiff's specific objection in his Objections that the Magistrate Judge did not rule as to each of the 406 or so deposition questions that Ms. Nelson had failed or refused to answer or uncertainly or falsely answered—in essence that the Magistrate Judge was within his discretion to simply refuse to address Plaintiff's entire motion to compel (or parts thereof) because it violated the Court's page-limits rule. See ECF 66 at 4 ("Plaintiff's assertion that the Magistrate Judge's Opinion failed to specifically address which of his 406 questions are deemed 'immaterial' is unbelievable in consideration of his 69-page Motion to Compel").

In turn, because Defendants made a material argument which alone could have persuaded the Court to rule against Plaintiff on the issue of the deposition questions, Plaintiff had to either persuade Defendants to promptly retract their Response's falsehood/frivolous statement and thus their argument, or himself in his Reply refute the falsehood/frivolous statement and thus the argument by demonstration via the record. On May 1, 2021, Plaintiff contacted one of Defendants' current counsel, Ms. Tse, informed her of the falsehood/frivolous statement, and asked Defendants to formally retract it to prevent undue prejudice to Plaintiff and the Court. See Ex. 2 hereto. By the time Ms. Tse responded—and she simply referred Plaintiff to the Court, see ibid.—Plaintiff had already had to order the transcript of the May 20, 2020 status hearing in time for inclusion in his Reply, which was due May 6, 2021. See Ex. 1 hereto at ¶ 5. The court reporter charged Plaintiff $245.25 for the transcript, which he had to pay by money order[2] sent overnight mail to Maryland to reach the court reporter by her turnaround deadline, costing Plaintiff an additional $26 and some change in USPS fees. See ibid. Thus, Plaintiff was out of pocket at least $271. He then had to draft

---

[2] The court reporter does not accept credit-card payment.

an argument in his Reply refuting Defendants' falsehood/frivolous statement. See ECF 69 at 1-5. Contacting the court reporter, sending the payment in the mail, drafting the relevant part of his Reply, and drafting this Motion occupied three or more hours of Plaintiff's time—at a time when he didn't have those hours to spend in the first place due to other commitments. See Ex. 1 hereto at ¶ 5. The Court also will now have to spend some of its precious time addressing this Motion as well.

Plaintiff doesn't expect perfection from anyone, and any party or counsel—including he himself—can make an honest mistake. Litigation is complex and stressful after all. But the complained-of falsehood/frivolous statement was not an honest mistake to begin with; Defendants at the very least simply never bothered researching the issue. And, in any case, Defendants refused to accept a remedy for their wrongdoing that did not involve Court intervention. Thus, sanctions against Defendants are warranted and necessary.

For the foregoing reasons, Plaintiff asks the Court to sanction Defendants.

Dated: May 7, 2021                                       Respectfully submitted,

                                                         /s/ James E. Pietrangelo, II
                                                         _____
                                                         JAMES E. PIETRANGELO, II
                                                         120 North-South Rd. Unit C, PMB # 167
                                                         North Conway, NH 03860
                                                         (802) 338-0501

CERTIFICATE OF SERVICE

On May 7, 2021, I served a copy of the foregoing Motion for Sanctions on Defendants on via email to their counsel Tiffany Tse.

                                                         /s/ James E. Pietrangelo, II
                                                         _____
                                                         JAMES E. PIETRANGELO, II