IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES E. PIETRANGELO, II | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil Action No.: 18-CV-1943 (DLF) |
| | : | |
| REFRESH CLUB, INC. d/b/a THE WING, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants Refresh Club, Inc. d/b/a the Wing and the Wing D.C., LLC (collectively, the "Defendants" or "the Wing"), by and through undersigned counsel, pursuant to FED. R. CIV. P. 11(b), respectfully submit this Memorandum in Opposition to Plaintiff James E. Pietrangelo, II's ("Plaintiff") Motion for Sanctions (the "Motion"), *see* ECF No. 71 (Mot.). In support thereof, Defendants state as follows:

**I.     PRELIMINARY STATEMENT**

At bottom, Defendants' Response to Plaintiff's Objections to Magistrate Judge's Memorandum Opinion and Accompanying Order in relation to the Parties' respective Motions to Compel (the "Response") was proper and there is no basis for sanctions. *See* ECF No. 66 (Defs.' Resp.); *see also* ECF No. 65 (Pl.'s Objs.). It is regrettable that Plaintiff's overzealous advocacy continues to burden this Court and Defendants with endless and frivolous motions and filings, all of which has occurred since the inception of this case. *See e.g.,* Civil Docket for Case #: 1:18-cv-01943-DLF-ZMF. While *pro se* plaintiffs are often afforded leeway, they are not shielded from abiding by the procedural rules of this Court, especially given Plaintiff's familiarity with the court

system as an attorney.[1]

Nevertheless, Plaintiff continues to burden this Court as a vexatious *pro se* litigant and his Motion fails to assert any arguments that would allow an imposition of sanctions against Defendants for violating the Federal Rules of Civil Procedure. Unsupported by any D.C. Circuit case law, Plaintiff's Motion requests sanctions against Defendants totaling $271.00, "plus loss of three or more hours of his time refuting the falsehood/frivolous statement and drafting and prosecuting this Motion." Mot. at 1. As discussed in detail below, Plaintiff's Motion lacks merit and the Court should deny his Motion in its entirety.

---

[1] Mr. Pietrangelo is or was a licensed attorney, and is certainly no stranger to litigation and pushing the limits of appropriate advocacy. For example, in *James Pietrangelo, II v. Wilmer Cutler Pickering Hale & Dorr, LLP*, 68 A.3d 697, 706 (D.C. 2013), the District of Columbia Court of Appeals noted Plaintiff's contemptuous behavior and stated:

> Pietrangelo availed himself of the District of Columbia courts to obtain relief for alleged wrongs. In pursuit of those claims, he engaged in litigation that consumed substantial resources in the trial court, resulting in a docket sheet with over 300 entries in two years. The trial court made painstaking efforts to provide a fair trial, investing substantial court and judicial resources. But after demanding and receiving substantial time and attention from the trial court, [Plaintiff's] attitude in return was one of flagrant contempt, whereby ***he deliberately disregarded orders of the trial court and exhibited an attitude of disrespect to the trial judge and the administration of justice. This is particularly troubling because Pietrangelo is himself an attorney***.

(emphasis added).

2

## II.     STANDARD OF REVIEW[2]

FED. R. CIV. P. 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The U.S. District Court for the District of Columbia has previously stated that, "Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings." *Henok v. Chase Home Finance, LLC*, 926 F. Supp. 2d 100, 104 (D.D.C. 2013) (internal citations and quotations omitted); *see also Naegele v. Albers*, 355 F. Supp. 2d 129, 144 (D.D.C. 2005) ("The imposition of Rule 11 sanctions is not something the court takes lightly[.]"). Indeed, the "test [for sanctions] under Rule 11 is an objective one: that is, whether a reasonable inquiry would have

---

[2] Plaintiff cites to FED. R. CIV. P. 11, 26, and 37 as the standards of review for the Court to evaluate his Motion. *See generally* Mot. Here, Plaintiff asserts that it "is unclear exactly under which authority sanctions fall for knowingly making a material falsehood/frivolous statement in response to FED. R. CIV. P. 72(a) objections." *Id.* at 3. Nevertheless, both FED. R. CIV. P. 26 and FED. R. CIV. P. 37 involve sanctions for improper certification in discovery and improper discovery disclosures, respectively. As Plaintiff's Motion is unrelated to any alleged discovery conduct on behalf of Defendants, neither FED. R. CIV. P. 26 nor FED. R. CIV. P. 37 applies. Accordingly, Defendants' Opposition will only address the applicable standard of review – FED. R. CIV. P. 11.

3

revealed that there was no basis in law or fact for the asserted claim." *Henok*, 926 F. Supp. at 104 (internal quotations omitted). Moreover, the Court "is accorded wide discretion in determining whether sanctions are appropriate." *Id.* (internal quotations and citations omitted).

### III.    LEGAL ARGUMENT

In his Motion, Plaintiff argues that sanctions are warranted against Defendants for "making a material statement in its April 29, 2021 Response (ECF 66) to Plaintiff's Objections (ECF 65) that was knowingly false/ frivolous and prejudiced Plaintiff[.]" Mot. at 1. Plaintiff asserts that Defendants' Response to Plaintiff's Objections "nonetheless knowingly repeated the Magistrate Judge's mistaken but nonetheless false assertion in his Memorandum Opinion that Plaintiff's motion to compel was 'in utter disregard of the page limits in this Court's Local Rules[.]'" *Id.* at 3 (quoting ECF No. 64 at 7, n.2); *see also* Defs.' Resp. at 4 (arguing that Plaintiff's 69-page Motion to Compel "exceeds the Court's page limit rule").

First, Plaintiff's gripe with the at-issue assertion in Defendants' Response does not warrant the administration of sanctions under FED. R .CIV. P. 11. *See id.* Here, Plaintiff takes issue with the following sentence in Defendants' Response:

> Additionally, Plaintiff's assertion that the Magistrate Judge's Opinion failed to specifically address which of his 406 questions are deemed 'immaterial' is unbelievable in consideration of his 69-page Motion to Compel, which not only exceeds the Court's page limit rule, but also appears to request that Defendants produce every single piece of information and/or document related to their business and outside the subject matter at dispute.

*Id.* at 4-5. In his Motion, Plaintiff argues that Defendants' Response required him to order the transcript from the Parties' May 20, 2020 Status Hearing telephone conference in order to refute the foregoing assertion in his Reply brief, *i.e.,* that Plaintiff's 69-page Motion to Compel exceeded the Court's page-limit rule. *See* Mot. at 5.

Second, there is nothing improper about Defendants' Response and there is nothing sanctionable about Defendants' decision to stand by their original Response filing. Defendants' assertion in its Response was simply for the purpose of highlighting to the Court Plaintiff's lengthy Motion to Compel filing. *See* ECF Nos. 28, 44. In fact, nowhere in the docket does the Court enter an Order, paperless or otherwise, specifically granting Plaintiff permission to file his enlarged Motion to Compel brief. *See* Civil Docket for Case #: 1:18-cv-01943-DLF-ZMF. As noted by Plaintiff in his Motion, even Judge Faruqui stated: "This Court will not recite the unanswered questions that Plaintiff identifies at length in his pleading, in utter disregard of the page limits in this Court's Local Rules." *See* ECF No. 64 at 7, n. 2. Neither Defendants in their Response nor the Court in its Memorandum Opinion state that each of Plaintiff's arguments in his 69-page Motion to Compel should not be addressed or ruled upon due to its length. *See generally* Defs.' Resp.; *see also* ECF No. 64. Both Defendants and the Court simply pointed out that it is unreasonable for Plaintiff to expect either party to address every single trivial issue raised by Plaintiff given the length of his 69-page Motion to Compel. Moreover, this Court later reiterated the same notion in a subsequent Memorandum Opinion affirming Judge Faruqui's ruling. *See* ECF No. 70 at 5, n.2 (noting Plaintiff "is mistaken" in his contention that Judge Faruqui "should have specifically addressed each of the unanswered questions that he cited in his sixty-nine page motion to compel").

Contrary to Plaintiff's assertions, Defendants' Response did not make any frivolous or false assertions in violation of FED. R. CIV. P. 11 that would warrant sanctions against Defendants. Indeed, one could reasonably take the position that the instant Motion is frivolous and serves no useful purpose other than to increase the cost of defense. As demonstrated in detail above, Plaintiff presents none of the circumstances that would warrant the extreme relief sought in his Motion.

5

*See Henok*, 926 F. Supp. 2d at 104.  Accordingly, the Court should deny Plaintiff's Motion.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Sanctions in its entirety, and to award any other relief deemed necessary.

Dated: July 16, 2021                                Respectfully submitted,


                                By: /s/ Tiffany din Fagel Tse
                                Brian A. Scotti, Esq. (D.C. Bar No. 497125)
                                Tiffany din Fagel Tse, Esq. (D.C. Bar No. 1601147)
                                GORDON REES SCULLY MANSUKHANI, LLP
                                1101 King Street, Suite 520
                                Alexandria, Virginia 22314
                                (T): 202-399-1009
                                (F): 202-800-2999
                                bscotti@grsm.com
                                ttse@grsm.com

                                *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 16, 2021, a copy of the foregoing was served electronically via the Court's ECF system and via first-class U.S. Mail to:

James E. Pietrangelo, II
120 North-South Rd., Unit C, PMB #167
North Conway, New Hampshire 03860

*Pro se Plaintiff*

                                            /s/ Tiffany din Fagel Tse
                                            Tiffany din Fagel Tse

1201163/59735483v.1