UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES E. PIETRANGELO, II ) | |
| ) | |
| *Plaintiff*, ) | Judge Dabney L. Friedrich |
| ) | |
| v. ) | (Magistrate Judge Zia M. Faruqui) |
| ) | (for discovery only) |
| REFRESH CLUB, INC. (dba THE WING), and ) | |
| THE WING DC, LLC (dba THE WING aka ) | Civil Action No. 1:18-cv-01943-DLF |
| THE WING DC) ) | |
| ) | |
| *Defendants*. ) | |

### RENEWED OBJECTION TO COURT'S MINUTE ORDERS; INSTANT OBJECTION TO MAGISTRATE JUDGE'S ORDER

Plaintiff James E. Pietrangelo, II hereby renews his prior objections to the Court's January 14, 2020 and July 23, 2021 Minute Orders respectively first prohibiting either party from filing any discovery-related motion without prior permission from Magistrate Judge Faruqui, and second still preventing either party—once such permission is obtained—from filing any motion containing the opposing party's designated-confidential discovery material if the opposing party has filed a motion to seal and the Court has not yet denied the motion to seal. As previously argued by Plaintiff, these two orders prevent Plaintiff from exercising his rights to file motions and file them unsealed, and said orders have specifically unnecessarily prevented Plaintiff from filing his motion for sanctions against Defendants for months now.

Plaintiff also hereby objects, under LCvR 72.2(b), to Magistrate Judge Faruqui's July 15, 2022 Order. Said order, which granted Defendants' motion to seal (ECF 96), requires Plaintiff to file his motion for sanctions—which Judge Faruqui earlier already granted him permission to file, see 5/26/22 Min. Order—under seal. Judge Faruqui's order violates the law on sealing. Defendants did not make any showing of—and Judge Faruqui did not make any finding of—the prerequisites

1

for sealing (even temporarily) the motion for sanctions in the first place. See *Dhiab v. Obama*, 70 F. Supp.3d 486, 496 (D.D.C. 2014) ("In order to seal the judicial record and defeat the public's qualified right of access, the [proponent] carries a heavy burden. It must put forth at a minimum, [1] a specific, tailored rationale for protecting a general category of information, and [2] a precise designation of each particular item of information that purportedly falls within the category described. The reasons it gives for protecting the information must demonstrate a 'substantial probability of harm' to an 'overriding interest.' [T]he fact that the [proponent] has unilaterally deemed information classified is not sufficient to defeat the public's right.") (internal quotation marks & citations omitted); *Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305-306 (6th Cir. 2016) ("The burden of overcoming that presumption is borne by the party that seeks to seal the[ documents]. The burden is a heavy one[.] \*\*\* The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.") (internal quotation marks & citations omitted); *Keenan v. Miller*, Case No. 1-16-CV-163-CHS, Memo. & Ord. (E.D.Tenn. Dec. 13, 2016) ("[It is a] very high barrier a party must hurdle to overcome the presumption of openness as to a court's record[.]. \*\*\* A naked conclusory statement that disclosure will injure a producing party falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. At the very least, a party's assertion that information it seeks to seal [requires such protection] must be supported by an affidavit.") (internal quotation marks & citations omitted); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D.Md. 1987) ("That showing requires specific demonstrations of fact, supported where possible by affidavits[.]"); *Doe v. District of Columbia*, 697 F. 2d 1115, 1119 (D.C.Cir. 1983) ("Protective orders that restrict dissemination to the public of discovered information, however, stand on a somewhat unusual footing. The resultant infringement of interests protected by the First Amendment, we have held, requires a district court to be careful to grant such an order only when essential to shield a party from significant harm or to protect an important public interest. Moreover, the court must

tailor the restraint so as to sweep no more broadly than necessary."); *New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (internal quotation marks & citation omitted).

Literally, Defendants in their motion to seal did not specify at all what discovery information or material contained in Plaintiff's motion for sanctions—or any other specific information in Plaintiff's motion—they wanted sealed or why the information/material should be sealed, see ECF 96 at 1.[1]  Instead, Defendants merely asked the Court to preemptively "seal Plaintiff's anticipated Motion for Sanctions" in its entirety so that Defendants could review "how [Defendants' discovery] documents identified by Plaintiff will be cited in his memorandum in support of the Motion for Sanctions," and then file a final motion to seal, if any, at their leisure. Id. at 1 and fn 1.  Likewise, Judge Faruqui in his order did not find that any specific information in Plaintiff's motion for sanctions warranted sealing, much less did he state why it warranted sealing.  The sealing violates Plaintiff's and the public's First Amendment and common law rights to transparency in this case.

Thus, Judge Faruqui improperly ordered Plaintiff's motion for sanctions to be filed sealed. WHEREFORE, Plaintiff asks the Court to reverse Judge Faruqui's order, and allow Plaintiff's motion for sanctions to be filed unsealed.

Respectfully submitted,

/s/ James E. Pietrangelo, II

_____
JAMES E. PIETRANGELO, II
Pro Se
120 North-South Road
Unit C, PMB # 167
North Conway, NH 03860
(603) 662-2224

---

[1] Defendants crucially also provided no affidavits.

3