UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES E. PIETRANGELO II,

    Plaintiff,

        v.

REFRESH CLUB, INC., *et al.*,

    Defendants.

Case No. 18-cv-1943-DLF-ZMF

## MEMORANDUM OPINION

Pending before Court are Defendants Refresh Club, Inc. and The Wing DC, LLC's Proposed Redactions to Plaintiff's Motion for Sanctions, *see* Defs.' Proposed Redactions, ECF No. 103, and Plaintiff's Motion to Unseal, *see* Pl.'s Mot. to Unseal, ECF No. 102. For the reasons identified below, the Court will GRANT the Plaintiff's Motion to Unseal and order that the Motion for Sanctions be unsealed and published without redaction.

**I.   BACKGROUND**

On December 22, 2016, the parties agreed to, and this Court issued, a protective order pursuant to Federal Rule of Civil Procedure 26(c). *See* Protective Order, ECF No. 38. On July 15, 2022, the Court granted Defendants' motion to seal Plaintiff's motion for sanctions and ordered Plaintiff to file his motion under seal. The Court further ordered Defendants to file any proposed redactions to the motion for sanctions within seven days of Plaintiff's filing—in accordance with Paragraph 11 the Parties' Protective Order, *see* ECF No.37—and to state whether those redactions are opposed or consented to by Plaintiff.

On July 27, 2022, Plaintiff filed his motion for sanctions under seal. *See* Pl.'s Mot. for Sanctions, ECF No. 101. Defendants failed to file their proposed redactions within seven days.

1

On August 4, 2022, citing Defendants' inaction, Plaintiff filed a motion to unseal his motion for sanctions in its entirety. *See* Pl.'s Mot. to Unseal, ECF No. 102. The Court then ordered Defendants to show cause as to why the Court should not grant Plaintiff's motion to unseal. *See* Minute Order (Aug. 4, 2022). Later that day, Defendants filed their proposed redactions, styled as a "Response to Order to Show Cause."[1] *See* Defs.' Proposed Redactions, ECF 103. Notably, Defendants provided a redacted version of Plaintiff's motion for sanctions but did not 1) assert any basis for their proposed redactions, or 2) state whether any of their proposed redactions were filed with the consent of the Plaintiff. On August 5, 2022, Plaintiff filed a response to Defendants' proposed redactions, pointing out these failures and seeking the immediate unsealing of his motion for sanctions. *See* Pl.'s Resp., ECF No. 104.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows courts to enter protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court will enter a protective order only if the party seeking protection demonstrates "good cause." *Id.* The fact that material may be subject to a protective order limiting disclosure does not, however, mean that it must remain shielded from public disclosure. *See In re McCormick & Co., Inc.*, No. 15-mc-1825, 2017 WL 2560911, at *1 (D.D.C. June 13, 2017). And "approval of the Protective Order . . . does not mean that references to protected information and documents in a judicial opinion must be redacted." *Doe v. Exxon Mobil Corp.*, 570 F. Supp. 2d 49, 52 (D.D.C. 2008).

---

[1] Although Defendants did not sufficiently show cause for why their filing was late or seek an extension for filing their brief, the Court will review it fully on the merits for purposes of this decision.

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).  The D.C. Circuit has established a six-factor test for determining whether to redact or seal court records:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).  After considering these six factors, "a court may only place or keep judicial records under seal if it 'concludes that justice so requires.'"  *Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017)).  The burden is on the party seeking to restrict disclosure "to come forward with specific reasons why the record, or any part thereof, should remain under seal."  *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991).

## III.   ANALYSIS

Defendants seek sealing of portions of the Plaintiff's motion but have failed "to come forward with specific reasons why."  *Id.*  Justifying the need for sealing is required by this Court to overcome "the always strong presumption in favor of public access to judicial proceedings."  *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).  It is also mandated by the Parties' own protective order, which states that "the Party asserting confidentiality will have the burden of justifying the propriety of sealing that document."  Protective Order ¶ 11.  Defendants have failed to provide *any* articulable reason that would overcome the strong presumption of public access,

especially in view of Plaintiff's desire for disclosure. The Court must therefore conclude that unsealing is in the interests of justice.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's Motion to Unseal and order that Plaintiff's Motion for Sanctions (ECF No. 101) be unsealed and published without redaction.

Date: August 8, 2022

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE